# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| RENE WILLIAMS, | Case No. CV 16-09189-DFM |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER |
| NANCY A. BERRYHILL, Deputy Commissioner of Operations, performing duties and functions not reserved to the Commissioner of Social Security,[1] | |
| Defendant. | |

Rene Williams ("Plaintiff") appeals from the Social Security Commissioner's final decision denying his application for supplemental security income ("SSI") benefits. For the reasons discussed below, the Commissioner's decision is affirmed and this matter is dismissed with prejudice.

---

[1] On January 21, 2017, Berryhill became the Acting Social Security Commissioner. Thus, she is automatically substituted as defendant under Federal Rule of Civil Procedure 25(d).

# I.
# BACKGROUND

Plaintiff applied for SSI on March 1, 2013, alleging disability beginning January 8, 2008. See Administrative Record ("AR") 218-23. Plaintiff's claim was denied initially, see AR 117-20, and on reconsideration, see AR 133-34. Plaintiff requested a hearing, which took place on September 10, 2014; the Administrative Law Judge ("ALJ") heard testimony from Plaintiff, who was represented by counsel, and a vocational expert ("VE"). See AR 45-60.

In a written decision issued October 10, 2014, the ALJ denied Plaintiff's claim. See AR 26-44. The ALJ found that Plaintiff had not engaged in substantial gainful activity since February 18, 2013, and that Plaintiff had the severe impairments of mood disorder, psychotic disorder, and a history of polysubstance dependence in remission. See AR 31. He concluded that Plaintiff's impairments did not meet or equal the severity of a listed impairment. See id. The ALJ assessed Plaintiff as retaining the residual functional capacity ("RFC") to perform work at all exertional levels with non-exertional limitations, including limitations to non-complex, routine, and repetitive tasks that do not require hypervigilance or responsibility for the safety of others; no interaction with the public; and working alone with only occasional, superficial, and non-intense interactions with supervisors and coworkers. See AR 33. He found that Plaintiff had no past relevant work. See AR 38. Based on the VE's testimony, the ALJ found that Plaintiff could work a park worker, linen room attendant, or sweeper/cleaner. See AR 39. He therefore concluded that Plaintiff was not disabled. See AR 40.

On June 13, 2016, the Appeals Council denied Plaintiff's request for review of the ALJ's decision, which became the final decision of the Commission. See AR 18-20, 4-10. This action followed.

///

## II.

## DISCUSSION

**A. The ALJ's RFC Assessment Was Supported by Substantial Evidence**

Plaintiff argues that the ALJ's RFC was not supported by substantial evidence because it did not align with the medical opinions of state-agency physicians, a consultative examiner, and a treating physician. See Joint Stipulation ("JS") at 5.

**1. Applicable Law**

A claimant's RFC is the most a claimant can still do despite his limitations. Smolen v. Chater, 80 F.3d 1273, 1291 (9th Cir. 1996) (citing 20 C.F.R. § 404.545(a)); see also 20 C.F.R. § 416.945(a). An ALJ will assess a claimant's RFC based on all the relevant evidence of record and will consider all of the claimant's medically determinable impairments, whether found to be severe or not. See 20 C.F.R. § 416.945(a)(2). An RFC assessment is ultimately an administrative finding reserved to the Commissioner. 20 C.F.R. § 416.927(d)(2).[2] However, an RFC determination is based on all of the

---

[2] Social Security Regulations regarding the evaluation of opinion evidence were amended effective March 27, 2017. Where, as here, the ALJ's decision is the final decision of the Commissioner, the reviewing court generally applies the law in effect at the time of the ALJ's decision. See Lowry v. Astrue, 474 F. App'x 801, 805 n.2 (2d Cir. 2012) (applying version of regulation in effect at time of ALJ's decision despite subsequent amendment); Garrett ex rel. Moore v. Barnhart, 366 F.3d 643, 647 (8th Cir. 2004) ("We apply the rules that were in effect at the time the Commissioner's decision became final."); Spencer v. Colvin, No. 15-05925, 2016 WL 7046848, at *9 n.4 (W.D. Wash. Dec. 1, 2016) ("42 U.S.C. § 405 does not contain any express authorization from Congress allowing the Commissioner to engage in retroactive rulemaking"); cf. Revised Medical Criteria for Determination of Disability, Musculoskeletal System and Related Criteria, 66 Fed. Reg. 58010, 58011 (Nov. 19, 2001) ("With respect to claims in which we have made a final decision, and that are pending judicial review in Federal court, we expect that

relevant evidence, including the diagnoses, treatment, observations, and opinions of medical sources, such as treating and examining physicians. See 20 C.F.R. § 416.945.

A district court must uphold an ALJ's RFC assessment when the ALJ has applied the proper legal standard and substantial evidence in the record as a whole supports the decision. See Bayliss v. Barnhart, 427 F.3d 1211, 1217 (9th Cir. 2005). The ALJ must consider all of the medical evidence in the record and "explain in [his or her] decision the weight given to . . . [the] opinions from treating sources, nontreating sources, and other nonexamining sources." 20 C.F.R. § 416.927(e)(2)(ii); see also 20 C.F.R. § 416.945(a)(1) ("We will assess your residual functional capacity based on all the relevant evidence in your case record."). In making an RFC determination, the ALJ may consider those limitations for which there is support in the record and need not consider properly rejected evidence or subjective complaints. See Bayliss, 427 F.3d at 1217 (upholding ALJ's RFC determination because "the ALJ took into account those limitations for which there was record support that did not depend on [claimant's] subjective complaints"). The Court must consider the ALJ's decision in the context of "the entire record as a whole," and if the "'evidence is susceptible to more than one rational interpretation,' the ALJ's decision should be upheld." Ryan v. Comm'r of Soc. Sec., 528 F.3d 1194, 1198 (9th Cir. 2008) (citation omitted).

**2.     Relevant Facts**

Psychiatrist Dr. Douglas Phan treated Plaintiff in 2013 and 2014. See AR 436-65, 568-72. In November, he diagnosed Plaintiff with major

---

the court's review of the Commissioner's final decision would be made in accordance with the rules in effect at the time of the final decision."). Accordingly, citations to 20 C.F.R. § 416.927 are to the version in effect from August 24, 2012 to March 26, 2017.

4

depression with psychotic features and posttraumatic stress disorder. See AR 439. He noted that Plaintiff had no current symptoms of mania or paranoia. See AR 440. Dr. Phan assessed his suicide risk as low, but noted that non-compliance with medication, drug use, and unforeseen stress factors could increase the risk. See AR 441. On April 28, 2014, and September 8, 2014, Dr. Phan wrote letters opining that Plaintiff's symptoms would likely worsen in crowded locations or when interacting with others. See AR 436, 572. On September 8, 2014, Dr. Phan assessed that Plaintiff could not work, and indicated that he did not need further testing to determine the degree of incapacity. See AR 568. The ALJ gave "little" weight to Dr. Phan's assessment because it was brief, conclusory, and inconsistent with clinical findings, and opined on issues reserved to the Commissioner. AR 38. He also concluded that Dr. Phan's 2014 opinions were not consistent with the psychiatric assessment that he performed in November 2013. See AR 437-65.

State-agency non-examining physician Dr. K.J. Loomis reviewed the medical evidence in Plaintiff's file and assessed that Plaintiff could perform "non-complex routine tasks." AR 128-29. He opined that Plaintiff "is capable of understanding, remembering and carrying out simple one to two step (unskilled) tasks," maintaining concentration, persistence, and pace, "interact[ing] adequately with coworkers and supervisors," making adjustments, and avoiding hazards in the workspace. AR 125. Dr. Loomis noted that Plaintiff "may have difficulty dealing with the demands of general public contact." Id. State-agency non-examining physician Dr. R. Paxton agreed with Dr. Loomis's assessment and opined that Plaintiff should be limited to "non-complex routine tasks." AR 143. The ALJ gave "great" weight to Dr. Paxton's assessment. AR 37. The ALJ gave "great" weight to the assessments of the state agency medical consultants. See AR 37.

5

Dr. Reyaldo Abejuela conducted a mental status examination for the Department of Social Services. See AR 382-88. He noted that the objective medical findings revealed "mild depression and mild anxiety." AR 387. Dr. Abejuela determined that Plaintiff had no mental restrictions in daily activities; no repeated episodes of emotional deterioration in work-like situations; no impairments in understanding, carrying out, and remembering simple instructions; mild impairments in maintaining social functioning and concentration; mild impairments in understanding, carrying out, and remembering complex instructions; mild impairments in responding to co-workers, supervisors, and the public; and mild impairments in dealing with changes in routine work settings. See id. He opined that Plaintiff's psychiatric symptoms would likely improve within a few months with continuous use of his medication. See AR 388. The ALJ gave "great" weight to Dr. Abejuela's opinion. AR 38.

The ALJ observed that Plaintiff spent much of his time working on a farm and caring for farm animals, and that these daily activities were not those expected of a totally disabled individual. See AR 34-35. Additionally, the ALJ noted that Dr. Abejuela had opined that his psychiatric limitations were mild at most. See AR 38. The ALJ also noted that Plaintiff's hospitalizations for expressing suicidal thoughts had occurred after consuming alcohol and he was discharged with normal behavior shortly after. See id. Further, the ALJ noted that Dr. Phan's November and December 2013 mental status examinations revealed largely normal findings. See id. Finally, the ALJ explained that opinions by Drs. Loomis and Paxton were consistent with Plaintiff's medical records, "which reveal several grossly normal mental status examination results during periods of abstinence from drugs and alcohol." AR 38.

///

///

### 3. Analysis

Plaintiff contends that the ALJ's decision was not supported by substantial evidence because the ALJ (1) limited Plaintiff to "non-complex routine tasks" rather than "simple one to two step (unskilled)" tasks, see JS at 6, (2) adopted a more restrictive RFC than that found by Dr. Abejuela, see id. at 8, and (3) did not properly account for the medical opinion of Dr. Phan, see JS at 10. However, the Court finds that substantial evidence supported the ALJ's RFC finding.

The ALJ considered the record as a whole, explained why he assigned each weight to each physician's opinion, and described the extent to which their opinions were taken into account when formulating Plaintiff's RFC. Both state agency medical consultants found that Plaintiff was limited to non-complex, routine tasks. See AR 129, 144. Dr. Loomis also noted that Plaintiff "is capable of understanding, remembering, and carrying out one to two step (unskilled) tasks." AR 125. The ALJ's failure to incorporate this comment into his RFC was not error. It is the ALJ's province to synthesize the medical evidence. See Lingenfelter v. Astrue, 504 F.3d 1028, 1042 (9th Cir. 2007) ("When evaluating the medical opinions of treating and examining physicians, the ALJ has discretion to weigh the value of each of the various reports, to resolve conflicts in the reports, and to determine which reports to credit and which to reject."). Where, as here, the evidence is susceptible of more than one rational interpretation, the ALJ's decision must be upheld. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

Plaintiff's argument that the ALJ erred in adopting a more restrictive RFC than suggested by Dr. Abejuela fails for the same reason. The ALJ explained that he also "generously considered [Plaintiff's] subjective complaints of difficulty being around other people and memory problems." AR 38. He validly synthesized the record and resolved conflicts between Dr.

Abejuela's mild assessments and Plaintiff's claims of disabling symptoms when formulating the RFC. Moreover, any error in considering Dr. Abejuela's opinion accrued to Plaintiff's benefit because when "generously" considering Plaintiff's symptom testimony, the ALJ assessed greater limitations.

Plaintiff also complains that the ALJ's RFC was not supported by substantial evidence because it did not properly consider Dr. Phan's opinions. Dr. Phan opined that Plaintiff could not work despite also noting largely unremarkable mental status examinations. See AR 568, 384-85. It is the ALJ's job to resolve what seems to be an internal inconsistency in Dr. Phan's report. See Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 603 (9th Cir. 1999) (holding that ALJ was "responsible for resolving conflicts" and "internal inconsistencies" within doctor's reports). Moreover, the ALJ was not required to regurgitate Dr. Phan's assessment as Plaintiff's RFC. See Bustos v. Astrue, No. 11-1953, 2012 WL 5289311, at *5 (E.D. Cal. Oct. 23, 2012) (noting that the Ninth Circuit has said that "an ALJ may synthesize and translate assessed limitations into an RFC assessment without repeating each functional limitation verbatim"). Here, the ALJ limited Plaintiff to no interaction with the public and only occasional and non-intense interactions with supervisors and coworkers, AR 33, which appears to encompass at least to some degree Dr. Phan's concern about Plaintiff's ability to interact with others. See James v. Astrue, No. 08-1032, 2009 WL 1748695, at *5 (E.D. Cal. June 19, 2009) (finding by physician that claimant could perform simple, repetitive work suggests that physician found claimant capable of performing basic work activities notwithstanding limitation on ability to respond to changes in work environment). Although other interpretations of Dr. Phan's report might be possible, the ALJ's interpretation is entitled to deference. See Burch, 400 F.3d at 679. Remand is unwarranted.

///

**B. The ALJ Did Not Err in Determining that Plaintiff Can Perform Unskilled Work**

Plaintiff contends that the ALJ erred at step five of the sequential analysis because the ALJ's RFC conflicts with a description of unskilled work in a Social Security Administration policy. See JS at 19-21. Specifically, Program Operations Manual System ("POMS") DI 25020.010 ¶ B.3 describes the ability to respond appropriately to supervision, coworkers, and work situations as a basic mental demand of competitive, remunerative, unskilled work activity. Plaintiff claims that his social functioning limitations leave him unable to respond to criticism appropriately such that he cannot perform unskilled work. See JS at 20-21.

The RFC finding does not conflict with the cited POMS rule because the RFC still allows for Plaintiff to have occasional, superficial, and non-intense interactions with supervisors and coworkers. See AR 33. While it limits Plaintiff's abilities to interact with others at work, it does not completely eliminate all contact with coworkers and supervisors. Importantly, even if the cited POMS rule were construed to suggest that Plaintiff could not perform any unskilled work, it is not judicially enforceable. Lockwood v. Comm'r Soc. Sec. Admin., 616 F.3d 1068, 1073 (9th Cir. 2010) ("POMS constitutes an agency interpretation that does not impose judicially enforceable duties on either this court or the ALJ.").

Plaintiff also argues that the POMS guidance conflicts with the VE's testimony that jobs that Plaintiff can perform exist in significant numbers in the national economy, because the VE did not explain how a person limited to superficial contact could perform unskilled work. See JS at 20-21; see also AR 39, 57-59. A hypothetical posed to the VE must set out all of the claimant's limitations and restrictions. See Light v. Soc. Sec. Admin., 119 F.3d 789, 793 (9th Cir. 1997) (as amended); Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir.

1988). However, the hypothetical need not include limitations that are unsupported by substantial evidence in the record. See Osenbrock v. Apfel, 240 F.3d 1157, 1163-64 (9th Cir. 2001). Because the ALJ did not err in omitting from his RFC assessment Plaintiff's suggestion that he is incapable of performing all unskilled work, the ALJ was not obligated to include such limitations in the hypothetical to the VE. See Thomas v. Barnhart, 278 F.3d 947, 959 (9th Cir. 2002) (holding that ALJ need not include limitations that are not supported by objective medical evidence in hypothetical questions to VE). The Court therefore finds that the ALJ's decision at step five is supported by substantial evidence and the ALJ's reliance on the VE's testimony does not constitute reversible error.

## III.
## CONCLUSION

For the reasons stated above, the decision of the Social Security Commissioner is AFFIRMED and the action is DISMISSED with prejudice.

Dated: August 6, 2018

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge